NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAKISHA LEWIS,

      Plaintiff - Appellant,

  v.

SUNRISE HOSPITAL AND MEDICAL
CENTER LLC,

      Defendant - Appellee.

No. 24-1879

D.C. No.
2:21-cv-00464-CDS-MDC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted March 31, 2025[**]
Pasadena, California

Before: M. SMITH and VANDYKE, Circuit Judges, and MAGNUS-
STINSON, District Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Jane Magnus-Stinson, United States District Judge for the Southern District of Indiana, sitting by designation.

Plaintiff Lakisha Lewis timely appeals the district court's entry of summary judgment in favor of her former employer, Defendant Sunrise Hospital and Medical Center, LLC (Sunrise), in this employment action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Nevada Fair Employment Practices Act. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the alleged evidentiary errors for abuse of discretion, *Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 734 (9th Cir. 2025), and the grant of summary judgment *de novo*, *Okonowsky v. Garland*, 109 F.4th 1166, 1178 (9th Cir. 2024), we affirm.

We recite only facts necessary to decide this appeal because the parties are familiar with the facts and procedural history of the case. Lewis was employed by Sunrise until she was suspended without pay after several of her coworkers submitted complaints to Sunrise's Human Resources Department (HR) regarding Lewis's behavior at work. But before the coworkers' complaints, Lewis submitted complaints about their behavior at work and alleged that they were discriminating against her. Lewis's complaints were investigated and found to be unsubstantiated. Sunrise then investigated the coworkers' complaints about Lewis and ultimately concluded that it should terminate her for a failure to follow its Respectful Workplace Policy.

1.    Evidentiary Issues: Lewis raises two evidentiary arguments. First, she argues that the district court erred when it overruled her hearsay objection to several emails sent by her coworkers to HR complaining about Lewis's behavior at work. The emails are not hearsay because they were not offered for their truth (that Lewis was an unpleasant coworker) but rather were offered to show that Sunrise received the complaints and that the complaints informed Sunrise's decision-making process regarding Lewis's employment. Fed. R. Evid. 801(c); *Haddad v. Lockheed Ca. Corp.*, 720 F.2d 1454, 1456 (9th Cir. 1983). The district court did not abuse its discretion in overruling Lewis's hearsay objection.

Second, Lewis argues that the district court erred when it overruled her hearsay and prejudice objections to the Equal Employment Opportunity Commission's (EEOC) Closure Letter from the underlying EEOC Complaint that she filed against Sunrise, which concluded that there were insufficient facts to continue an investigation. Lewis's hearsay argument is undeveloped and devoid of any citation to relevant legal authority and is therefore waived. *Badgley v. United States*, 957 F.3d 969, 979 (9th Cir. 2020) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.") (quoting *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010)). As to her Rule 403 prejudice objection, we have held that where an EEOC letter concludes that there are insufficient facts to continue an investigation, the district

court must "weigh the letter's prejudicial effect against its probative value pursuant to Rule 403." *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1015 (9th Cir. 1999). The district court did not conduct a Rule 403 analysis, but this was harmless error. *See id.* at 1015-16 (finding harmless error when no Rule 403 analysis was conducted before admitting the EEOC letter because exclusion of the EEOC letter would not have changed the outcome). We are satisfied that the omission of a Rule 403 analysis did not harm Lewis because the EEOC Closure Letter was only referenced in passing in a footnote and was not cited elsewhere or relied upon in the district court's thorough examination of the evidence. We find no reversible error in the district court's decision to overrule Lewis's hearsay and prejudice objections to the EEOC Closure Letter.

2.     Disparate Treatment Claims:[1] The district court granted summary judgment for Sunrise on all of Lewis's disparate treatment claims (sex-based, sexual orientation-based, race-based, and religion-based) because Lewis failed to raise a triable dispute as to whether Sunrise's legitimate, non-discriminatory reason for her termination (failure to adhere to its Respectful Workplace Policy) was pretext for illegal discrimination. *See Freyd v. Univ. of Or.*, 990 F.3d 1211, 1228

---

[1] Here and for the next two issues raised, the parties agreed that Lewis's state law claims were governed by the same standard as her federal law claims and analyzed the claims together under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), without separating out each protected characteristic underpinning the claims. We therefore follow suit.

(9th Cir. 2021). We find no error by the district court as no reasonable juror could conclude that the adverse employment actions were pretext for unlawful animus rather than based on Lewis's failure to adhere to Sunrise's Respectful Workplace Policy.

3. Hostile Work Environment Claims: The district court granted summary judgment in favor of Sunrise on Lewis's hostile work environment claims because Lewis failed to raise a triable issue as to whether the negative interactions that she had with her coworkers and supervisors were because of her protected characteristics. A hostile work environment claim must have an underpinning of illegal animus, and Lewis did not produce sufficient evidence for a reasonable jury to find such an underpinning here. *See Sharp v. S&S Activewear, L.L.C.*, 69 F.4th 974, 978 (9th Cir. 2023) ("[A] plaintiff bringing a hostile work environment claim must show discrimination by an employer on account of membership in a protected group."). The evidence in the record as to the workplace environment simply establishes personality conflicts. We find no error in the district court's grant of summary judgment to Sunrise on Lewis's hostile work environment claims.

4. Retaliation Claims: The district court granted summary judgment in favor of Sunrise on Lewis's retaliation claims because she failed to raise a triable issue as to whether Sunrise's reason for Lewis's termination was pretext for

retaliation. *See Kama v. Mayorkas*, 107 F.4th 1054, 1059 (9th Cir. 2024). Lewis raises a temporal proximity argument, and in some cases, temporal proximity between a protected activity and an adverse employment action "can by itself" establish sufficient evidence of pretext in a retaliation claim. *Dawson v. Entek Int'l*, 630 F.3d 928, 937 (9th Cir. 2011). But this is not a case where proximity establishes pretext. The proximity between Lewis's complaint to HR and the adverse actions (suspension and ultimately termination) does not evidence pretext because, after Lewis's complaint but before the adverse actions, at least five of Lewis's co-workers submitted complaints about her workplace behavior to Sunrise. Some of these co-workers were outside the group about whom Lewis had complained. These intervening complaints negate the inference of retaliatory intent by Sunrise based on Lewis's complaint. *Kama*, 107 F.4th at 1059-62 (on a retaliation claim, finding unpersuasive plaintiff's temporal proximity pretext argument where plaintiff's noncooperation at work was an intervening event between plaintiff's protected activity and the employer's adverse employment action and was the legitimate, non-discriminatory reason for the adverse action). We find no error in the district court's grant of summary judgment to Sunrise on Lewis's retaliation claims.

**AFFIRMED.**